UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re the Petition of<br><br>Challenger Trading S.A.<br><br>For Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | ECF CASE<br><br>Civil Action No. _____<br><br>IN ADMIRALTY<br><br>MEMORANDUM OF LAW SUPPORTING PETITION FOR AN ORDER ALLOWING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 |

Challenger Trading S.A. ("Challenger") submits this Memorandum of Law and the accompanying Declaration of J. Stephen Simms (the "Simms Declaration") in support of its Petition for an Order ("Petition"), pursuant to 28 U.S.C. § 1782 and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, to obtain discovery from UniCredit Bank AG, for use in a contemplated foreign proceeding.

## FACTS

The requested relief is for the purpose of obtaining discovery in aid of a contemplated London maritime arbitration proceeding, based on a breach of a time charter agreement.

The related contemplated foreign proceeding concerns a breach of a time charter by Valeska Shipping Lines Limited (t/a Valeska Nigeria) ("Valeska"). Petitioner and Valeska are parties to a time charter agreement (the "Time Charter"), entered into on or about February 22, 2013, pursuant to which Challenger agreed to charter the M/V ADMIRAL L (the "Vessel") to Valeska. (Petition, ¶ 4).

Valeska intended to use the Vessel for a single voyage between two Nigerian ports. (*Id.*, ¶ 5). Valeska failed to register the Vessel with, and failed to obtain the required clearances from, the Nigerian Maritime Administration and Safety Agency ("NIMASA") in order to effect the

voyage.  (*Id.*).  As a result of Valeska's failures, NIMASA detained the Vessel.  (*Id.*).  In order to secure release of the Vessel, Challenger paid the necessary registration fees to NIMASA.  (*Id.*).  Challenger also incurred significant costs and expenses (including legal and agency fees) to obtain the necessary clearance from NIMASA.  (*Id.*).  Challenger intends to commence London arbitration proceedings against Valeska for its breach of the Time Charter by failing to take the necessary steps with NIMASA to effect the voyage for which Valeska had chartered the Vessel.  (*Id.*).  The Simms Declaration confirms that UniCredit Bank AG was the institution involved in the underlying transactions related to the Time Charter.  (Simms Dec., ¶ 3).  Petitioner seeks narrowly tailored discovery as to UniCredit Bank AG, reasonably calculated to lead to the discovery of admissible evidence concerning the actions of Valeska concerning the enforcement of that judgment.  The discovery requested in this § 1782 Petition is necessary information as to the operations of Valeska.

## THE STATUTORY REQUIREMENTS FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 ARE MET

Section 1782 authorizes a U.S. District Court to order a person residing in the district to give testimony or product documents for use in a foreign proceeding.  It provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).  Thus, as stated by the Second Circuit in *In re Application of Aldunante,* 3 F.3d 54, 58 (2d Cir. 1993), *cert. denied*, 510 U.S. 965 (1993), there are three threshold requirements for ordering discovery under § 1782:

> The statutory language is unambiguous in its requirements: (1) the person from whom discovery is sought must reside or be found in the district of the district court to which the application is made, (2) the discovery must be "for use in a proceeding in a foreign or international tribunal," and (3) the application must be made "by a foreign or international tribunal" or by "any interested person".

Here, all of the statutory requirements for an order permitting the issuance of subpoenas pursuant to § 1782 have been met.  Petitioner seeks the discovery from a business entity that is presently doing business within the District.  UniCredit Bank AG's office is located at 150 East 42nd Street, New York, NY 10022. (Simms Dec., ¶ 4).  Petitioner qualifies as an "interested person" to the foreign proceedings within the meaning of 28 U.S.C. § 1782.  *Intel Corp. v Advanced Micro Devices, Inc.*, 542 U.S. 241, 257 (2004) ("interested person" includes a litigant before a foreign tribunal or any person who possesses a reasonable interest in obtaining assistance).

Finally, the discovery sought is directly related to the contemplated foreign proceedings and is essential not only for use as the action presently is cast.  As the *Intel* Court held, the proceeding for which discovery is sought need not be pending or imminent, but rather must only be "within reasonable contemplation".  *Id.* at 259.

In addition to satisfying all three of the statutory requirements, both of the "twin aims" of § 1782 which are to be considered by a district court on such an application would be met here, namely:  "to provide efficient assistance to participants in international litigation and encourage foreign countries to provide similar assistance to our domestic courts." *Minatec Fin. S.a.r.l. v. SI Group Inc.*, 2008 U.S. Dist. LEXIS 63802, *9 (S.D.N.Y. Aug. 18, 2008).

## **PETITIONER MEETS THE DISCRETIONARY *INTEL* FACTORS**

In *Intel*, the Supreme Court refused to interject limitations into the language of the statute and, instead, provided certain discretionary factors to be considered by a federal district court on a § 1782 application. The discretionary factors are: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court or agency to federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; and (4) whether the discovery requests are unduly intrusive or burdensome. *Minatec*, 2008 U.S. Dist. LEXIS 63802 at *11-12.

Upon weighing each of the four discretionary *Intel* factors, the scale tips decidedly in favor of Petitioner. The entity from which the discovery is sought will not be a party to or participant in the contemplated proceeding in which Petitioner will assert claims against entities affiliated with Valeska, nor is it a party to the contemplated foreign proceedings. *See Intel*, 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid"). The nature of the foreign proceedings does not run against any interest that would counsel against granting this request.

Similarly, the instant request does not seek to circumvent any foreign proof-gathering limits or other policies. Finally, the request is neither unduly intrusive nor burdensome, but is instead specifically tailored to target information believed to lead to the discovery of substantial information regarding the breach of the Time Charter.

## **PETITIONER MEETS THE GROUNDS FOR *EX PARTE* DISCOVERY**

Section 1782(a) specifically authorizes the Court to prescribe the practice and procedure for the taking of discovery pursuant to the statute. Here, Petitioner seeks an Order directing the production of documents and testimony by UniCredit Bank AG in New York on an *ex parte* basis to assist the contemplated foreign proceedings. Premature notice of this application or the discovery request may prompt Valeska to take steps to remove, transfer or divert assets and evidence beyond the reach of Petitioner in the contemplated foreign proceedings.

Petitioner thus requests this Court's Order providing for the issue, by Petitioner's counsel pursuant to Rule 45, of a subpoena requiring the production of documents pursuant to § 1782.

## **THIS COURT NOW SHOULD GRANT THE PETITION**

Petitioner meets all of the criteria for the issuance of an order authorizing discovery pursuant to 28 U.S.C. § 1782. This Court therefore should exercise its discretion to execute the proposed order providing for discovery in aid of the contemplated foreign proceedings.

Dated: June 6, 2016.

> /s/ *J. Stephen Simms*
> J. Stephen Simms (*pro hac vice* pending)
> Simms Showers LLP
> 201 International Circle, Suite 250
> Baltimore, Maryland 21030
> Tel:    (410) 783-5795
> Fax:    (410) 510-1789
> jssimms@simmsshowers.com
>
> Attorneys for Petitioner